IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 1:19-CR-01312-MLG

ALEX SERTUCHE,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW
PLEA AND ADMISSION TO SUPERVISED RELEASE VIOLATION**

    Defendant Alex Sertuche seeks to withdraw his guilty plea. *See* Doc. 85. As grounds for his Motion to Withdraw Plea and Admission to Supervised Release Violation ("Motion"), Doc. 113, Sertuche asserts his innocence and claims that symptoms related to cancer treatment precluded him from knowingly and voluntarily entering into a plea agreement. Doc. 113 at 7-8. Having reviewed the parties' submissions and the applicable law, and having held a hearing on May 14, 2024, the Court denies Sertuche's motion.

**BACKGROUND**

    In May 2019, a grand jury indicted Sertuche on three criminal counts: (1) possession with intent to distribute methamphetamine, (2) possession of a firearm in furtherance of a drug trafficking crime, and (3) being a felon in possession of a firearm. *See generally* Doc. 13. Sertuche was detained pending trial. Docs. 9, 52. The following year, and while in custody, he began receiving treatment for cancer. Doc. 113 at 3 ¶ 9. In July 2020 Sertuche filed an emergency motion requesting release from custody. Doc. 47. He argued that the spread of COVID-19 in the prison

1

coupled with his diminished physical health necessitated his release from custody.[1] *See generally* Docs. 47, 47-1. After briefing and a hearing on the matter, United States Magistrate Judge Karen B. Molzen denied Sertuche's motion. Doc. 56.

On September 28, 2021, a grand jury returned a superseding indictment which added a new and additional count charging Sertuche with assault against a Cibola County Correctional Center ("CCC") officer. *See generally* Doc. 68. The parties subsequently reached a plea agreement, and Sertuche attended a change of plea hearing on February 2, 2022. Doc. 77.

During that proceeding, United States Magistrate Judge Steven C. Yarborough explained the consequences of pleading guilty and the rights Sertuche would forfeit by entering into the plea agreement. Doc. 113-5 at 6-10. Judge Yarborough inquired whether Sertuche was under the influence of any drugs, *id.* at 5:20-23, or was "suffering from any illness, whether physical or mental" that would preclude him from fully comprehending the ramifications of the plea agreement. *Id.* at 5:24-25. Sertuche noted he had health issues but affirmed that they did not impair his ability to understand the proceedings. *Id.* 6:1-5. When asked to "state in [his] own words what [he] did that makes [him] guilty of each of the counts to which [he was] pleading,"[2] *id.* at 18:3-9, Sertuche requested a five-minute recess. *Id.* at 18:14-17. Upon return, Sertuche asked for the matter to be continued. *Id.* at 19:20-25. Judge Yarbrough granted the request. *Id.* at 20:4-12.

Sertuche's change of plea hearing resumed on March 10, 2022. *See* Doc. 113-6. United States Magistrate Judge John F. Robbenhaar presided. *See id.* at 1. Judge Robbenhaar asked Sertuche whether he was "under the influence of any alcohol, drugs, or medication," to which

---

[1] Sertuche appeared remotely at most (if not all) of his criminal proceedings during the COVID-19 pandemic. *See, e.g.*, Docs. 73, 78.

[2] Judge Yarbrough indicated this process was necessary because the case was assigned at that time to District Judge James O. Browning. Doc. 113-5 at 18:3-6.

2

Sertuche replied that he had undergone immunotherapy. *Id.* at 8:8-12. Judge Robbenhaar followed up and asked if the immunotherapy affected Sertuche's ability to "understand what's going on today" and whether Sertuche was feeling well enough to continue. *Id.* at 8:14-8:18. Sertuche responded in the affirmative; he agreed that he could continue, that he understood the proceedings, and confirmed that he comprehended all that had been asked of him in court. *Id.* at 8:17-9:1. With those representations, the hearing moved forward. Judge Robenhaar explained the constitutional rights that Sertuche would be waving by pleading guilty; Sertuche stated he understood them and agreed to give them up. *Id.* at 9:8-10:12.

Judge Robbenhaar ultimately accepted Sertuche's guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to Counts 1, 3, and 4 of the superseding indictment. Doc.113-6 at 26:11-16; *see also* Doc. 85.

More than two years later, Sertuche filed his Motion, which the Government opposes, claiming that "he was physically and mentally impaired and unable to intelligently, knowingly, and voluntarily enter a plea." Doc. 113 at 1; Doc. 116. The Court held a hearing on the matter on May 14, 2024. Docs. 122 (clerk's minutes), 123 (transcript). For the reasons explained in detail below, the Court denies Sertuche's request.

## DISCUSSION

A defendant may withdraw their guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). The defendant bears the burden of establishing that "fair and just reason" for withdrawal. *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000). To determine whether a defendant has met this burden, the Court considers seven factors: "(1) whether the defendant has

asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Gordon,* 4 F.3d at 1572 (citing *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991)). The first, fifth, and sixth factors are paramount because even if the other "factors weigh in a defendant's favor, they cannot establish a fair and just reason for withdrawal." *United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007).

I. **Sertuche fails to assert a claim of legal innocence.**

Turning to the first factor, a defendant must establish "a *credible* claim of legal innocence." *Hamilton*, 510 F.3d at 1214 (emphasis in the original). The defendant must offer support or "affirmatively advance an objectively reasonable argument that he is innocent." *Id.* (quoting *Untied States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995)); *accord United States v. Byrum*, 567 F.3d 1255, 1264-65 (10th Cir. 2009). A defendant may also present reasons why the belatedly asserted defenses were not put forward at the time of the original proceedings, *United States v. Cervantes*, 115 Fed. App'x 1, 8-9 (10th Cir. 2004), but the claims of innocence must have some objective reliability. "[T]he assertion of a defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." *Hickok*, 907 F.2d at 985 n.2 (quotation and alteration omitted).

Here, Sertuche concedes that he possessed illegal drugs on the day of his arrest, but now represents they were for his own use. Doc. 123 at 12:25-13:3. Accordingly, Sertuche asserts that he is not guilty of possession with intent to distribute methamphetamine and should therefore be permitted to withdraw his guilty plea. Doc. 123 at 12:18-23; Doc. 113 at 7.

The problem for Sertuche is that there is no factual support for his position. He offers only a bald assertion that the forty-nine grams of methamphetamine found in his possession were for

personal use.³ More is required. Unlike a defendant who has not pled guilty, a defendant seeking to withdraw a guilty plea "must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent."⁴ *Cray*, 47 F.3d at 1209. The unsubstantiated arguments he now advances fall short of this standard. *See Hickock*, 907 F.2d at 986. Accordingly, the Court finds that Sertuche has not raised a credible claim of innocence.

II.   **Sertuche received quality and competent assistance of counsel when pleading guilty.**

Sertuche does not dispute the quality of his legal representation at the plea hearings—nor could he credibly do so. Doc. 113 at 8. He repeatedly confirmed satisfaction with his attorney's performance and that his lawyer's efforts were sufficient. *See* Doc. 113-5 at 9:1-6; Doc. 113-6 at 15:24-16:4. *See United States v. Siedlik*, 231 F.3d 744, 750 (10th Cir. 2000) (affirming a district court's denial of a defendant's plea withdrawal in part because defense counsel was "skilled and respected" and the defendant expressed satisfaction with the quality of representation); *Byrum*, 567 F.3d at 1265 (applying *Siedlik* in the same context). Having reviewed the relevant hearing transcripts along with the docket filings, the Court agrees. Sertuche had the benefit of constitutionally effective assistance of counsel throughout the plea bargaining and sentencing. This factor weighs against granting his motion.

---

³ Sertuche's argument is further undermined by the four firearms, ballistic vest, and other drugs found during the search incident to his arrest. Doc. 116 at 2.

⁴ Further, Sertuche agreed three times that the Government would be able to prove the factual basis for this crime beyond a reasonable doubt. *See* Doc. 113-5 at 14:20-22; Doc. 113-6 at 18:19-21, 24:18-25:5.

### III.     Sertuche knowingly and voluntarily entered his guilty plea.

Sertuche's arguments center on the sixth factor—whether he knowingly and voluntarily entered his guilty plea. Sertuche maintains "he was under the influence of serious medication, pain from his cancer treatment, and significant cognitive impairments to his thought process at the time of the plea." Doc. 113 at 8. He also argues that the Court was obligated to engage in a more in-depth colloquy about his medications and their effects. *Id.*

"To enter a plea that is knowing and voluntary, the defendant must have 'a full understanding of what the plea connotes and of its consequence.'" *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (quoting *Boykin v. Alabama,* 395 U.S. 238, 244 (1969)). Generally, the voluntariness of a plea may be evident from a district court's detailed and thorough exchange with the defendant during the plea colloquy. *See*, *e.g.*, *United States v. Graham,* 466 F.3d 1234, 1239 (10th Cir. 2006); *United States v. Gigley*, 213 F.3d 509, 517 (10th Cir. 2000); *United States v. Jones*, 168 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996). Courts should inquire as to a defendant's mental state, including whether the defendant is under the influence of medication. *United States v. McIntosh*, 29 F.4th 648, 659 (10th Cir. 2022) ("[A]t a minimum, district courts should ask about the types of drugs and whether the medications are affecting the defendant's mental state." (quotation and alteration omitted)); *see also United States v. Browning*, 61 F.3d 752, 754 (10th Cir. 1995) (holding a district court ensured the voluntariness of a plea by confirming prescription medications were "solely for treating ulcers and reducing pain," the defendant "had never been treated for mental illness," and confirming the medications did not affect the defendant's ability to think or comprehend).

Sertuche reminds the Court that prior to the plea hearings he received months of immunotherapy, had a compromised immune system, and underwent a month of hospitalization.

Doc. 113 at 8-9. While true, Sertuche fails to explain how his health conditions prevented him from knowingly and voluntarily pleading guilty.[5] There are no records from any medical professional—including Sertuche's physician—documenting impaired cognitive functioning. Indeed, Sertuche has not provided a single medical record, report, or opinion that corroborates the arguments presented in his motion.

Further, at each of the change of plea hearings, the Court asked Sertuche whether he comprehended the ramifications of pleading guilty; Sertuche responded that he understood and that he agreed to continue. For instance, during the first plea hearing, Judge Yarborough asked:

> **Court:** . . . Are you suffering from any illness, whether physical or mental?
>
> **Sertuche:** My health (indisc.).
>
> **Court:** Okay. And is that something that's making it hard for you to understand what I'm talking to you about today?
>
> **Sertuche:** No.
>
> **Court:** Okay. So I just want to make sure you don't have any health problems that's making it—you know, that you're not under so much pain that you can't understand me or that you don't have an issue that's making it difficult. So let me ask your attorney. Mr. Esquibel, when you talked to your client in previous meetings and probably earlier today, any indication that he's not able to understand what you're talking about and to go forward today?
>
> **Esquibel**: No, Your Honor. I have no [concern] that he—about his ability to understand the proceeding, the documents he signed, your role or the waivers that he signed.
>
> **Court:** All right. So—so that's fine.

Doc. 113-5 at 5:24-6:18.

---

[5] The Court is certainly cognizant of the serious and adverse impacts cancer (and its treatment) can have on a person.

Weeks later, Sertuche chose to proceed with the second hearing pertaining to the same plea agreement. *See* Doc. 113-6. When asked whether he was "under the influence of any alcohol, drugs, or medication," Sertuche told the Court that he had been undergoing immunotherapy. *Id.* at 8:8-12. The Court then asked:

**Court:** Is that immunotherapy, does that affect your ability to understand what's going on today?

**Sertuche:** No. I know what's going on, sir.

**Court:** All right. Are you feeling well enough to proceed in court today?

**Sertuche:** Yes, sir.

**Court:** You mentioned a medical issue that you're addressing now. Does that affect your ability to participate and know what's happening in court today?

**Sertuche:** No, sir.

**Court:** Okay. Have you understood everything I've asked you or explained to you today?

**Sertuche**: Yes, sir.

**Court**: Now, your attorney has informed the Court that you wish to enter a change of plea to a felony charge. I'd like you to understand that you're still entirely free to plead not guilty. Do you know that?

**Sertuche**: Yes, sir.

*Id.* at 8:14-9:6. Only after this back-and-forth did Judge Robbenhaar accept Sertuche's guilty plea. *Id.* at 26:15-16. He found that Sertuche was "competent and capable of entering an informed plea;" was "aware of the nature of the charge against [him] and the consequences of [his] plea;" and that his plea was "knowing and voluntary and supported by sufficient facts." *Id.* at 26:11-15.

Given Sertuche's sworn representations at these prior hearings and the evidence provided (and not provided) in these proceedings, the Court concludes that Sertuche knowingly and voluntarily entered into a plea agreement. *Cf. United States v. Carter*, 795 F.3d 947, 952 (9th Cir.

8

2015) ("In general, appellate courts have vacated pleas only when the district court failed completely to engage in any meaningful follow-up with a defendant."). Thus, this factor weighs against granting Sertuche's Motion.

### IV.     The Court need not address the other factors for withdrawal.

Sertuche argues that the other four factors (prejudice to the government, delay in filing the motion, inconvenience to the Court, and waste of judicial resources) weigh in favor of withdrawal. *See* Doc. 113 at 7-8. Given that Sertuche has not prevailed on his claim of legal innocence, asserted that his counsel was ineffective, or shown that he did not enter his plea knowingly or voluntarily, the Court need not address those considerations. *Byrum*, 567 F.3d at 1265. Nevertheless, there is good reason to be skeptical of Sertuche's position as to those points. For instance, even if the Court assumes that some delay in filing Sertuche's motion was reasonable—in light of his health concerns, the effects of the COVID-19 pandemic, and the deterioration of his attorney-client relationships—that excuse does not constitute a standalone basis for withdrawal of a guilty plea; it is simply a factor to be assessed after a favorable resolution of the predicate inquiries discussed above. *Hamilton*, 510 F.3d at 1217. And the two-year delay in filing this motion is patently excessive. *See, e.g.*, *Carr*, 80 F.3d at 420 (finding a three-month delay "along with its resulting prejudice to the government weigh heavily against [a]ppellant's motion" to withdraw); *United States v. Kramer*, 168 F.3d 1196, 1202 (10th Cir. 1999) (recognizing a five-month period delay weighed against permitting a plea withdrawal); *United States v. Garcia*, 577 F.3d 1271, 1275 (10th Cir. 2009) (holding that nine months of continuances before moving to withdraw plea constituted significant prejudicial delay).

Similarly, the remaining factors—prejudice to the government, inconvenience to the Court, and waste of judicial resources—address impacts on the Government and the judiciary.[6] They are also not independent grounds for withdrawal. *Hamilton*, 510 F.3d at 1217. They do not bear on the merits of Sertuche's argument, and in any case, do not cut in his favor.

## CONCLUSION

The Court finds Sertuche has failed to demonstrate a fair and just reason for the withdrawal of his guilty plea as to possession with intent to distribute methamphetamine. With this finding, it is hereby ordered that Sertuche's Motion, Doc. 113, is denied.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[6] Some degree of prejudice to the Government and waste of judicial resources is inevitable from a plea withdrawal. *See Carr*, 80 F.3d at 420-21.